

916 PRINCE STREET, SUITE 107
ALEXANDRIA, VIRGINIA 22314
TEL 703.835.9085
FAX 703.997.7665

WWW.GURAPOSSESSKY.COM

May 16, 2016

The Hon. Gino Agnello
Clerk, United States Court of Appeals
  for the Seventh Circuit
Room 2722
219 S. Dearborn Street
Chicago, IL 60604

    Re:   Ezell v. City of Chicago
           U.S. Court of Appeals, 7th Cir. Nos. 14-3312, 14-3322

          Letter pursuant to Fed. R. App. P. 28(j)

Dear Mr. Agnello:

    Chicago relied heavily on *Teixeira* v. *Cnty. of Alameda*, No 12-CV-03288, 2013 WL 4804756 (N.D. Cal. Sept. 9, 2013). Appellants' Br. at 16; Cross-Appellee Reply Br. at 20. Today, the Ninth Circuit reversed that opinion. See *Teixeira* v. *Cnty. of Alameda*, No. 13-17132 (9th Cir. May 16, 2016) (attached).

    *Teixera* concerned a zoning ordinance distancing gun stores 500 feet from various uses. The Ninth Circuit affirmed the right to acquire firearms, slip op. at 13-18, and following *Ezell I*, the Second Amendment right to teach firearms safety classes, *id*. at 18-19. The County failed to carry its burden showing that the zoning laws were sufficiently longstanding to be presumptively lawful. Accordingly, heightened scrutiny applied. *Id*. at 22-23.

    "[A]ssum[ing] that the Ordinance merely regulates the location of gun stores," intermediate scrutiny should have applied. *Id*. at 27. But "[i]f on remand evidence does confirm that the Ordinance, as applied, completely bans new gun stores (rather than merely regulates their

locations), something more exacting than intermediate scrutiny will be warranted." *Id.* at 33 (citing *Ezell I*).

Addressing an intermediate scrutiny analysis, the court began by holding that "[t]he district court's characterization of 'residentially-zoned districts' as 'sensitive areas' is incongruous with *Heller*." *Id.* at 28. Notwithstanding the County's crime-reducing and aesthetic interests, the district court had erred in upholding the laws' fit. "[T]he district court failed to explain how a gun store would increase crime in its vicinity." *Id.* at 29; *id.* at 30 (county "never justified the assertion that gun stores act as magnets for crime"). "Likewise, the record lacks any explanation as to how a gun store might negatively impact the aesthetics of a neighborhood." *Id.* at 31. The Ninth Circuit also rejected reliance on the secondary effects doctrine, which bars reducing speech to reduce its effects. *Id.* at 28-29, n.7.

This Court should not split from *Teixeira*. But unlike *Teixeira*, Plaintiffs' case arrives at the appellate level with a full evidentiary record—bereft of any evidence that the challenged laws advance Chicago's interest, but proving that the laws are effectively prohibitive.

Sincerely,

/s/ Alan Gura

Alan Gura
Counsel for Plaintiffs-Appellees

Certificate of Compliance

This letter complies with the word count limitation of Fed. R. App. 28(j), as it contains 344 words in the body of the letter as automatically totaled by WordPerfect X4.

/s/ Alan Gura
Alan Gura

Certificate of Service

On this, the 16th day of May, 2016, I electronically filed the attached Letter with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. Participants in this appeal are registered CM/ECF users who will be served by the CM/ECF system.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Alan Gura
Alan Gura