

**City of Chicago**
**Rahm Emanuel, Mayor**

**Department of Law**

Stephen R. Patton
Corporation Counsel

Appeals
Suite 800
30 North LaSalle Street
Chicago, Illinois 60602-2580
(312) 744-7764
(312) 744-3588 (FAX)
(312) 744-7157 (TTY)

www.cityofchicago.org

May 17, 2016

**VIA E-FILING**

Gino J. Agnello
Clerk of the Court
United States Court of Appeals
  for the Seventh Circuit
219 South Dearborn Street
Chicago, IL  60604

Re:     Ezell v. City of Chicago, No. 14-3312 & 14-3322 (consol.)
        (Judges Kanne, Rovner, and Sykes), Response letter
        pursuant to Fed. R. App. P. 28(j).

Dear Mr. Agnello:

   Plaintiffs have cited Teixeira v. County of Alameda, No. 13-17132 (9th Cir. May 16, 2016), as supplemental authority. Teixeira was on review of a district court decision dismissing plaintiffs' complaint, and the Ninth Circuit remanded for fact development.  Here, the parties have already engaged in discovery, and the full evidentiary record demonstrates that Chicago's zoning requirements withstand plaintiffs' Second Amendment challenge.

   In Teixeira, plaintiffs alleged that the "500-foot rule, as applied, amounts to a complete ban" on gun stores because "there are no parcels . . . which would be available for firearm retail sales."  Slip op. 26.  In this case, by contrast, plaintiffs have had full discovery and have not shown the City's zoning restrictions amount to a ban on shooting ranges.  To the contrary, there are over 3,300 acres of land with 1,900 parcels available for shooting ranges to locate.  And, in fact, Deon Robuck, the only witness who had made an effort to find a zoning-compliant location, was successful.  R. 227-4 at 67.  So, unlike Teixeira, there was no ban of the kind that the court believed might warrant "not quite 'strict scrutiny.'"  Slip op. 27.

   In addition, in Teixeira, the County had not identified similar founding-era zoning laws, Teixeira, slip op. 22.  In this case, as we have explained, the discharge of firearms has historically been subject to stringent regulations.  Brief and

1

Appendix of Plaintiffs-Appellants ("City Br.") 36.  This historical regulation justifies stringent regulation of shooting ranges in the interests of public safety, so long as they do not place serious obstacles in the way of exercising Second Amendment rights.

     Finally, the court held that the district court had effectively applied rational-basis review, and the County had not adduced evidence to satisfy intermediate scrutiny.  Slip op. 29-30.  We do not urge rational basis review, and have adduced evidence of firearms theft, fire hazards, and risks of lead poisoning that justify keeping shooting ranges at a safe distance from residential and other populated areas.  City Br. 23-32.

     Please provide copies of this letter to the panel.

                            Sincerely,

                            <u>/s Suzanne M. Loose</u>
                            Suzanne M. Loose
                            Senior Counsel
                            Counsel for Defendant-Appellant/
                            Cross-Appellee
                            (312) 744-8519

**CERTIFICATE OF COMPLIANCE**

I certify that the above letter complies with the word limitation provided in Fed. R. App. P. 28(j).  The body of this letter, beginning with "Plaintiffs have cited" and ending with "Sincerely" contains 340 words as recorded by the word count of the Microsoft Word wordprocessing system used to prepare the letter.

**CERTIFICATE OF SERVICE**

The foregoing Letter Pursuant to Fed. R. App. P. 28(j) has been electronically filed on May 17, 2016.  I certify that I have caused the foregoing letter to be served on all counsel of record via CM/ECF electronic notice on May 17, 2016.

s/ Suzanne M. Loose
Suzanne M. Loose, Attorney
